UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS SAMSA,

      Plaintiff,

v.                Case No. 23-cv-274-pp

JAMALL RUSSELL, JEROME BAILY,
RODNEY REYNOLDS, CHRISTOPHER SCHWAB
and CPT. KYLE TRITT,

      Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A**

  Dennis Samsa, who is incarcerated at Columbia Correctional Institution and is representing himself, filed an amended complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his amended complaint, dkt. no. 7.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

  On March 14, 2023, the court ordered that the plaintiff was not required to pay an initial partial filing fee. Dkt. No. 6. The court will grant the plaintiff's

1

motion for leave to proceed without prepaying the filing fee and will require him to pay the filing fee over time in the manner explained at the end of this order.

## II.  Screening the Amended Complaint

### A.  Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of

2

the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued Jamall Russell, Jerome Baily, Rodney Reynolds, Christopher Schwab and Captain Kyle Tritt. Dkt. No. 7 at 1. He was incarcerated in the restrictive housing unit ("RHU") at the Waupun Correctional Institution when the incident described in the amended complaint occurred. Id. at ¶¶3, 9.

The plaintiff alleges that on November 27, 2022, Baily arrived at his cell door with supplies and when Baily opened the cell door's "trap," the plaintiff told Baily that he was not allowed to pass food from one incarcerated individual to another. Id. at ¶¶10-12. Baily allegedly responded that he could do what he wanted. Id. at ¶13. Next, the plaintiff says that he put his hand out of the trap, held the supply cart and told Baily to call a "white shirt," but Baily said "no" and told the plaintiff to let go. Id. at ¶14. In response, the plaintiff allegedly said "no" and Baily kept trying to pull the cart out of the plaintiff's hand because the plaintiff would not let go of the cart. Id. The plaintiff states that this caused his hand and arm to "swell up and hurt." Id. at ¶15. Baily allegedly saw another officer and he yelled to the plaintiff to let go of the cart. Id. at ¶16. The plaintiff states that Russell arrived on the scene and the plaintiff said he

3

wouldn't let go. Id. Russell allegedly sprayed the plaintiff in face and Baily ripped the cart out of the plaintiff's hand. Id.

The plaintiff alleges that Baily and Russell acted on their own and, instead of deescalating the situations, they made it worse and never called for a sergeant or lieutenant. Id. at ¶17. He says that because he was sprayed, he had to be subjected to a strip search, which was humiliating, unreasonable, embarrassing and demeaning. Id. at ¶¶17, 19. The plaintiff alleges that he already has mental health disorders, which were exacerbated by the segregated environment. Id. at ¶20.

For relief, the plaintiff seeks declaratory relief, compensatory damages and punitive damages. Id. at ¶¶22-23.

C. Analysis

The complaint does not include any allegations against defendants Reynolds, Schwab or Tritt. The plaintiff has not stated a claim against those three defendants.

To state a claim for excessive use of force under the Eighth Amendment, a plaintiff must allege that a defendant applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 668 (7th Cir. 2012). Factors relevant to a defendant's mental state include the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper the severity of the force, and the extent of injuries caused by the force. Whitley v. Albers, 475 U.S. 312, 321 (1986); Rice, 675 F.3d at 668. A "prisoner need not show a 'significant injury' in order to have a good claim under the [E]ighth

[A]mendment, if a guard inflicted pain maliciously or sadistically." Guitron v. Paul, 675 F.3d 1044, 1046 (7th Cir. 2012) (citing Hudson, 503 U.S. at 7).

The plaintiff's allegations that he held onto the cart through his cell's trap door, refused Baily's orders to let go of the cart and that Baily pulled on the cart which hurt the plaintiff's hand and arm do not state a claim. Likewise, the plaintiff's allegations that after Russell arrived at his cell and the plaintiff again refused to let go of the cart, Russell sprayed the plaintiff and Baily ripped the cart out his hand do not state a claim for excessive use of force. Based on the plaintiff's description of the incident, Baily and Russell simply tried to get the plaintiff to follow orders and let go of the cart. The plaintiff refused Baily's multiple orders to release the cart and, while the plaintiff would have preferred Baily to call a lieutenant or sergeant to "deescalate" the situation, the plaintiff does not allege that Baily or Russell used more force than was necessary to get the plaintiff to follow orders. The plaintiff does not allege that Baily or Russell unnecessarily used force against him and he has not stated an excessive force claim against Baily or Russell.

The plaintiff references the defendants' failure to follow the chain of command. He may be referring to obtaining approval from a supervisor before using pepper spray. In any event, a violation of prison procedures, state laws or state regulations is not a basis for a federal civil rights case. See Williams v. Mierzejewski, 401 F. App'x 142, 144 (7th Cir. 2010) (citing Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010); Domka v. Portage Cty., Wis., 523 F.3d 776, 784 (7th Cir. 2008)). The plaintiff may not proceed on a claim based on his allegation that any defendant failed to follow the chain of command.

The plaintiff's allegations that he was subjected to an unnecessary, embarrassing and humiliating strip search also does not state a claim. The plaintiff alleges that he was strip searched *because* he had been sprayed and not for the purpose of humiliating him, and he does not allege that the strip search was conducted unreasonably. See Henry v. Hulett, 969 F.3d 769, 781 (7th Cir. 2020). In addition, the plaintiff does not state who conducted the strip search, so even if his strip search allegations implicated his constitutional rights, he hasn't alleged that any defendant conducted the search and therefore fails to state a claim for relief.

The court will give the plaintiff an opportunity to file a second amended complaint. The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil L.R. 9(b). (E.D. Wis.). The plaintiff must write the word "Second" above the words "Amended Complaint" at the top of the first page. The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to-explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his

6

constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's amended complaint fails to state a claim. Dkt. No. 7.

The court **ORDERS** that the plaintiff may file a second amended complaint that complies with the instructions in this order. If the plaintiff chooses to file a second amended complaint, he must do so in time for the court to receive it by **August 11, 2023**. If the court receives a second amended complaint by the end of the day on August 11, 2023, the court will screen the second amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either a second amended complaint or a request for more time to file one by the August 11, 2023 deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his amended complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$350** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the

account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Warden at Columbia Correctional Institution.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution and Oshkosh Correctional Institution.

transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 18th day of July, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**