UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENNIS SAMSA,

        Plaintiff,

v.                                            Case No. 23-cv-274-pp

JAMALL RUSSELL and JEROME BAILY,

        Defendants.

---

**ORDER SCREENING SECOND AMENDED COMPLAINT (DKT. NO. 9)**

---

      Dennis Samsa, who was incarcerated at Columbia Correctional Institution when he filed this case and who is representing himself, filed a complaint alleging that the defendants violated his constitutional rights. Before the court had screened the original complaint, the plaintiff filed an amended complaint. Dkt. No. 7. The court screened the amended complaint and found that it failed to state a claim. Dkt. No. 8 at 4-6. The court gave the plaintiff an opportunity to file a second amended complaint, which he did. Dkt. No. 9. This order screens the second amended complaint.

**I.    Screening the Second Amended Complaint**

      A.    <u>Federal Screening Standard</u>

      Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

1

may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  Second Amended Complaint's Allegations

The plaintiff was incarcerated at Waupun Correctional Institution when the incident described in the second amended complaint took place. Dkt. No. 9 at 1-2. The defendants—Jamall Russell and Jerome Baily—work at Waupun. Id.

The plaintiff alleges that on November 27, 2022, Baily arrived at his cell door with supplies; when Baily opened the cell's trap door, the plaintiff told Baily that "he was not allowed to pass food from one incarcerated individual to another." Id. at 2. Baily allegedly responded that he could do what he wanted. Id. The plaintiff says that he placed his hand out of the trap door, held the supply cart and told Baily to call a "white shirt." Id. Baily allegedly refused and told the plaintiff to let go but the plaintiff refused to let go. Id. The plaintiff states that "Baily kept trying to pull the cart out of the plaintiff's hand because the plaintiff would not let go of the cart." Id. This allegedly caused the plaintiff's hand and arm to "swell up and hurt and bleed [be]cause the defendant Baily kept trying to pull the cart out of the plaintiff's hand[.]" Id. at 2-3. The plaintiff alleges that when Baily saw Russell, Baily started to yell for the plaintiff to let go of the cart. Id. at 3. Russell allegedly ran down the hall and told the plaintiff to let go of the cart, but the plaintiff said no. Id. "[D]efendant kept pulling on [the] cart and inmates were yelling for staff to spray the plaintiff and [ ] Baily ripped the cart out of [the plaintiff's] hand[.]" Id. The plaintiff alleges that "7

seconds later defendant used excessive force to spray plaintiff for 7 seconds out of retaliation[.]" Id.

The plaintiff alleges that the spray caused severe harm because his eyes were burning for three days, and he now has a hard time seeing out of his eyes. Id. According to the plaintiff, there was no need to spray him because staff already had the cart out of his hand. Id. The plaintiff states that Russell sprayed him because "he is a racist to white people and is always bias[ed] toward [the plaintiff]." Id. The plaintiff claims that Russell violated his rights under the Eighth Amendment. Id.

The plaintiff seeks compensatory and punitive damages. Id. at 4.

C. Analysis

To state a claim for excessive use of force under the Eighth Amendment, a plaintiff must allege that a defendant applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Rice *ex rel.* Rice v. Corr. Med. Servs., 675 F.3d 650, 668 (7th Cir. 2012). Factors relevant to a defendant's mental state include the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper the severity of the force and the extent of injuries caused by the force. Whitley v. Albers, 475 U.S. 312, 321 (1986); Rice, 675 F.3d at 668. A "prisoner need not show a 'significant injury' in order to have a good claim under the [E]ighth [A]mendment, if a guard inflicted pain maliciously or sadistically." Guitron v. Paul, 675 F.3d 1044, 1046 (7th Cir. 2012) (citing Hudson, 503 U.S. at 7).

When the court screened the amended complaint, it determined that the amended complaint did not state a claim for excessive force because the plaintiff conceded that he had refused to follow orders to let go of the cart and because he had not alleged that the defendants used more force than was necessary to get the plaintiff to follow orders. Dkt. No. 8 at 5. That reasoning still applies to the plaintiff's allegations against Baily because, as the plaintiff's own version of the facts indicates, Baily was only trying to get the plaintiff to let go of the cart. The plaintiff has not alleged that Baily unnecessarily used force against him, and he has not stated an excessive force claim against Baily. The court will dismiss Baily.

The plaintiff now alleges, however, that Russell sprayed him *after* the plaintiff let go of the cart. The plaintiff states a plausible Eighth Amendment excessive force claim against Russell because if the plaintiff already had let go of the cart, there may no longer have been a need to use any force against the plaintiff.

The plaintiff alleges that Russell sprayed him out of retaliation. To plead a retaliation claim, the plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendant's decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)). The plaintiff has not stated a retaliation claim because he has not alleged that he

5

engaged in any First Amendment-protected activity or that Russell acted in response to any such activity.

The plaintiff may proceed on an Eighth excessive force claim against Russell in his individual capacity. He may not proceed on any other claims.[1]

## II. Conclusion

The court **ORDERS** that defendant Jerome Baily is **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the second amended complaint (Dkt. No. 9) and this order to the Wisconsin Department of Justice for service on defendant Jamall Russell. Under the informal service agreement, the court **ORDERS** defendant Russell to file a responsive pleading to the second amended complaint within sixty (60) days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to

---

[1] Under the heading "Jurisdiction," the second amended complaint states that the plaintiff is suing under state law and that "the state citizenship of the plaintiff is different from the state citizenship of ever defendant and the amount of money at stake in this case . . . is $45000.00." Id. at 4. The plaintiff has not identified any state law claims upon which he wants to proceed, and the court cannot identify any state law claims supported by the facts. It also appears that all the parties are citizens of Wisconsin.

[2] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

6

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are not incarcerated or who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 14th day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.