UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS SAMSA,

                Plaintiff,

v.                                                 Case No. 23-cv-274-pp

JAMES RUSSELL,

                Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 18) AND DISMISSING CASE**

      Plaintiff Dennis Samsa, who was incarcerated at Columbia Correctional Institution when he filed this case and who is representing himself, filed a complaint alleging that prison officials violated his constitutional rights. The court screened the plaintiff's second amended complaint (Dkt. No. 9) and allowed the plaintiff to proceed on an excessive force claim against defendant James Russell. Dkt. No. 13 at 5. On March 29, 2024, the defendant filed a motion for summary judgment on exhaustion grounds. Dkt. No. 18. The court ordered the plaintiff to file a response to that motion by April 29, 2024, and warned him that failure to do so would result in the court considering the motion without input from the plaintiff. Dkt. No. 23. The plaintiff has not filed a response to the defendant's motion. The court mailed its order to the plaintiff at the address he provided to the court. Dkt. No. 12. The court also has mailed previous orders to the plaintiff at that address; neither the court's March 29 order nor any of the previous orders were returned to the court as undeliverable, so the court has no reason to believe that the plaintiff did not receive the order setting April 29 as the deadline for him to respond to

1

the defendant's motion. The court will consider the motion unopposed, grant the motion and dismiss this case.

I. **Defendant's Motion for Summary Judgment**

A. Facts

The court allowed the plaintiff to proceed on an Eighth Amendment excessive force claim against the defendant. Dkt. No. 20 at ¶1. The plaintiff alleged that on November 27, 2022, the defendant used an incapacitating spray against him after the spray was no longer needed. Id. The plaintiff filed one administrative complaint relating to those allegations, but he failed to timely appeal the complaint's dismissal. Id. at ¶2.

On November 29, 2022, the plaintiff filed complaint WCI-2022-17889 alleging the defendant sprayed him with incapacitating spray after the plaintiff had stopped resisting. Id. at ¶3. The institution complaint examiner (ICE) reviewed the plaintiff's complaint and associated video evidence, determined there was no excessive force and recommended dismissal of the complaint. Id. The reviewing authority dismissed the complaint on December 14, 2022. Id. at ¶4. That same day, the institution printed the reviewing authority's decision for distribution to the plaintiff. Id. The plaintiff then had fourteen days to appeal the dismissal to the corrections complaint examiner (CCE), but he did not submit an appeal until nearly one month later. Id.

On January 10, 2023, the plaintiff appealed the complaint to the CCE. Id. at ¶5. The CCE rejected the plaintiff's appeal because he filed it nearly two weeks beyond the fourteen-day window for appealing the dismissal. Id. In his CCE appeal, the plaintiff did not address the original complaint or incident's merits. Id. at ¶6. The plaintiff alleged that he never received a response from

the ICE regarding his prior complaint because he was on a paper restriction during the relevant period. Id.

The CCE investigated the plaintiff's claim and found he was not on a paper restriction from December 15, 2022 to January 5, 2023 and found no good cause for the plaintiff's appeal to be untimely. Id. at ¶7. The CCE properly rejected the plaintiff's untimely appeal. Id. at ¶8. The defendants have subsequently confirmed independently that the plaintiff was not on a paper restriction in either November 2022 or December 2022. Id. The Office of the Secretary confirmed that the plaintiff's appeal should be rejected as untimely. Id. at ¶9.

      B.    Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

C. Discussion

The defendant contends that the plaintiff did not exhaust his administrative remedies because he did not timely appeal the dismissal of his initial complaint and the CCE found no good cause to extend the time limit. Dkt. No. 19 at 8.

The Prison Litigation Reform Act (PLRA) provides that an incarcerated individual cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and

4

expects incarcerated individuals to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

To fully exhaust administrative remedies in Wisconsin, an incarcerated person must file a complaint with the ICE within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §DOC 310.07(2). The ICE must accept the complaint, return it or reject it. Wis. Admin. Code §DOC 310.10(2). The ICE may reject a complaint if it is submitted beyond fourteen days after the date of occurrence giving rise to the complaint and does not include good cause to extend the time limits. Wis. Admin. Code §310.10(6)(e). An incarcerated person may appeal a rejected complaint within ten days to the appropriate reviewing authority who shall only review the basis for the rejection of the complaint. Wis. Admin. Code §310.10(10). The reviewing authority's decision is final. Id.

An ICE who accepts a complaint must "send a recommendation to the appropriate reviewing authority within 30 days from the date of receipt." Wis. Admin. Code §DOC 310.10(9). An ICE may recommend a complaint be "affirmed or dismissed in whole or in part." Wis. Admin. Code §DOC 310.10(12). If the reviewing authority dismisses the complaint, the inmate "may appeal" to the CCE "within 14 days after the date of the decision." Wis. Admin. Code §DOC 310.12(1).

The CCE may return an appeal for five reasons listed in the Code, may recommend rejection of an appeal that fails to comply with section 310.09, or

may accept an appeal. Wis. Admin. Code §§DOC 310.12(2), (4)(a)–(e), (5). Should the CCE accept the appeal, it must "recommend that the reviewing authority decision be affirmed or dismissed, in whole or in part, and send its recommendation to the secretary within 45 days of receipt of the appeal." Wis. Admin. Code §DOC 310.12(9). The secretary must then "make a decision within 45 days following receipt of the [CCE's] recommendation." Wis. Admin. Code §DOC 310.13(1). The secretary must "affirm or dismiss the [CCE's] recommendation, in whole or in part, or return the appeal to the [CCE] for further investigation." Wis. Admin. Code §DOC 310.13(2). "The secretary's decision is final." Wis. Admin. Code §DOC 310.13(3).

The CCE rejected the plaintiff's appeal because he filed it more than fourteen days after the dismissal of his complaint. The plaintiff's appeal stated that he did not receive the decision dismissing his complaint due to a paper restriction. The CCE report states that the CCE contacted the facility and found that the plaintiff was not on a paper restriction from December 15, 2022 to January 5, 2023. It is undisputed that the plaintiff's stated reason for submitting his appeal late lacked merit so the CCE found no good cause to accept the late appeal and recommended that it be rejected as untimely. "A prison grievance rejected solely on the basis of untimeliness will not fulfill the exhaustion requirement." Conyers v. Abitz, 416 F.3d 580, 584 (7th Cir. 2005) (citing Pozo, 285 F.3d at 1025). Thus, the plaintiff failed to exhaust his administrative remedies. See Pozo, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). The court will grant the defendant's motion for summary judgment and dismiss this case without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).

6

## II. Conclusion

The court **GRANTS** the defendant's motion for summary judgment. Dkt. No. 18.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year

7

after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 10th day of May, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**